IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY LEON STOCKTON, ) | |
| ) | |
| Petitioner, ) | Case No. CV-07-74-S-BLW |
| ) | |
| v. ) | **INITIAL REVIEW ORDER** |
| ) | |
| STATE OF IDAHO, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Gary Stockton filed a Petition for Writ of Habeas Corpus on February 14, 2007. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

## BACKGROUND

Petitioner was convicted of domestic battery after a jury trial in the Minidoka County Court in March 2004. He filed a direct appeal. The Idaho Supreme Court affirmed the conviction on November 13, 2006. In his federal Habeas Corpus Petition, Petitioner brings claims of illegal and false evidence, a falsified police report, and jury tampering. Petitioner is currently on parole under the supervision of the Idaho Department of Correction.

## REVIEW OF PETITION

INITIAL REVIEW ORDER  1

**A.     Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal.  Rule 4 of the Rules Governing Section 2254 Cases.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id*.

**B.     Discussion**

Liberally construed, the Court finds that Petitioner has stated cognizable claims in his Petition.  The Court will construe his claims as federal constitutional claims only to the extent that he brought such claims as federal constitutional claims before the Idaho Supreme Court.

Petitioner will need to amend the respondent in his Petition because the "State of Idaho" is not a proper respondent in a habeas corpus action.  The proper respondent is the person who has custody of Petitioner.  Because Petitioner is currently on parole, he shall amend his Petition to name Brent Reinke, IDOC Director, by filing a "Notice of Substitution of Respondent."

It is unclear from the Petition whether Petitioner has properly exhausted his claims and whether his Petition has been timely filed.  It is necessary for the Court to review

INITIAL REVIEW ORDER  2

portions of the state court record to resolve these issues, and it would also be helpful to have briefing from Respondent.  Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who shall provide relevant portions of the state court record to this Court.

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

1.   Statute of Limitations

The Petition in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996.  Under AEDPA, petitioners have a one-year statute of limitations period within which to file a federal habeas corpus petition.  The one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[1]

The statute provides tolling (stopping) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral

---

[1] If a direct appeal was filed, the one-year statute of limitation begins to run on the expiration of the 90-day period "within which [a petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court" following direct appeal, whether or not one was filed.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999).  The additional 90-day certiorari period, however, does **not** apply to post-conviction relief actions.  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

INITIAL REVIEW ORDER  3

review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitations period.

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. . In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness").

    2.    <u>Exhaustion and Procedural Default</u>

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a

federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).  Under these circumstances, the claim is considered to have been "procedurally defaulted."  *Coleman,* 501 U.S. at 731.  A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

INITIAL REVIEW ORDER  5

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

  3. <u>Claims Proceeding on Merits</u>

For any of Petitioner's claims that meet these procedural requirements and proceed on the merits, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel. It is currently unclear whether this case will be able to proceed on the merits or whether the procedural issues will be so complex that counsel is required. Presently, the request for counsel shall be denied, as there is no constitutional right to counsel in federal habeas corpus proceedings. *See Coleman v. Thompson,* 501 U.S. 722, 755 (1991). After the Court reviews Respondent's filings, the Court will determine whether counsel is necessary.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel, contained in his Petition (Docket No. 3) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Proceed in Forma Pauperis (Docket No. 1) is GRANTED. Petitioner shall pay the $5.00 filing fee to the Clerk of Court no later than June 1, 2007, or as soon thereafter as he is able to do so.

IT IS FURTHER HEREBY ORDERED that Petitioner shall amend his Petition to name the proper respondent, Brent Reinke, IDOC Director, by filing a "Notice of Substitution of Respondent."

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall serve a copy of the Petition (Docket No. 3), with exhibits, together with a copy of this Order, on the Attorney General for the State of Idaho on behalf of Respondent, as follows:

    L. LaMont Anderson
    Office of the Idaho Attorney General
    P.O. Box 83720

INITIAL REVIEW ORDER  7

Boise, ID 83720-0010.

If service of the Petition has previously been made to the Idaho Attorney General, the Clerk of Court need not send an additional copy unless requested by the Idaho Attorney General.

IT IS FURTHER HEREBY ORDERED that Respondent shall file an answer or other appropriate pre-answer motion conforming in all respects to the Rules Governing Section 2254 Cases in the United States District Courts within 60 days after entry of this Order. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that have been transcribed previously which are relevant to a determination of the issues presented.

IT IS FURTHER HEREBY ORDERED that any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER HEREBY ORDERED that Respondent and Petitioner shall file any motions for summary judgment within 90 days after entry of this Order. A motion for summary judgment shall fully brief all claims and issues raised in the Petition and contain appropriate citations to the record. Responses to such motions shall be due within 30 days after service of motions; reply briefs shall be due within 14 days after service of responses. These deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements." No party shall file supplemental

responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

IT IS FURTHER HEREBY ORDERED that no discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

IT IS FURTHER HEREBY ORDERED that the parties need not file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions which are meritless; or (3) notices of intent not to file a reply.  If additional briefing is required on any motion, the Court will order it.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rule 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form

INITIAL REVIEW ORDER  9

of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

DATED:  **April 23, 2007**

*/s/ B. Lynn Winmill*
Honorable B. Lynn Winmill
Chief U. S. District Judge

INITIAL REVIEW ORDER  10